UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RLI INSURANCE COMPANY,<br><br>      Plaintiff,<br> v.<br><br>PATRIOT'S CHOICE LLC, CHARLES CARTER, AMBER CARTER,<br><br>      Defendants<br><br> PATRIOT'S CHOICE LLC, Third-Party Plaintiff,<br><br> v.<br><br>ABSHER CONSTRUCTION CO.,<br><br>Third-Party Defendant | Case No. C21-5606 TLF<br><br>ORDER GRANTING MOTION TO DISMISS THIRD-PARTY COMPLAINT |

  This matter comes before the Court on Plaintiff RLI Insurance Company's (RLI) motion to dismiss the Defendants Patriot's Choice LLC (PCL), Charles Carter, and Amber Carter's third-party complaint against Absher Construction. The Court has reviewed the plaintiff's motion (Dkt. 22) along with the accompanying exhibits, which has been joined by proposed third-party defendant Absher Construction (Dkt. 26). The Court has also reviewed Defendant PCL's and the Carter's response brief (Dkt. 24), along with accompanying exhibits, and RLI's reply (Dkt. 27). And the Court has

reviewed the Complaint (Dkt. 1), Answer and proposed third-party complaint (Dkt. 12) and the balance of the record. The Court hereby GRANTS the Motion (Dkt. 22) and DISMISSES the third-party complaint. The third-party complaint is therefore STRICKEN from the defendants' Answer, and all claims against Absher Construction are dismissed from this lawsuit (Dkt. 12).

## Background

Plaintiff filed the complaint in this matter on August 23, 2021, alleging claims against Patriot's Choice, LLC, Charles Carter, an individual, and Amber Carter, an individual. Plaintiff claims the defendants have breached an Indemnity Agreement (for two bonds), between plaintiff and Defendants Patriot's Choice (PCL) and Charles and Amber Carter. Complaint, Dkt. 1, Ex. A (Indemnity Agreement [dated July 28, 2020]) and B (Subcontract Performance Bond in the amount of $1,372,050.00, and Subcontract Labor and Material Payment Bond in the amount of $1,372,050.00 [both bonds dated November 20, 2020]); Dkt. 25, Declaration of Charles Carter, at 2, 5-10.

The Indemnity Agreement and bonds are for the purpose of RLI issuing surety bonds on behalf of PCL, Charles Carter, and Amber Carter, for their work as a subcontractor for Absher Construction – the general contractor -- on a project for the construction of Evergreen Elementary School. Dkt. 1, Complaint at 2-6; Dkt. 12, Answer, Affirmative Defenses, and Third-Party Complaint at 2-3. RLI agreed to be the surety on behalf of PCL; the general contractor, Absher Construction – would be an obligee pursuant to the terms and obligations of a subcontract between PCL and Absher Construction. *Id.*; Dkt. 23, Declaration of Sarah Wilson at 2. Under the terms of

the General Indemnity Agreement, PCL is required to indemnify RLI for claims made against the bonds. *Id.*; Dkt 1, Complaint, Ex. A, B.

Plaintiff asserts they have incurred $431,933.48 in losses due to a claim by Absher on the performance bond. Dkt. 1 at 8. RLI also asserts, "[w]hile RLI's investigation is ongoing, to date, RLI has incurred losses of more than $800,000.00 related to its issuance of the bonds on behalf of PCL." Dkt. 22 at 3; Dkt. 23, Declaration of Sarah Wilson at 3. RLI explains that Absher has issued change orders to PCL, and that RLI has knowledge of change orders totaling approximately $1,485,682.00 as of the date the Complaint was filed. Dkt. 1 at 6. RLI states it has information that additional claims will be made on the Performance Bond, and on the Payment Bond. Dkt. 1 at 6-7.

RLI's causes of action against PCL and the Carters are: breach of contract of indemnity; specific performance; Quia Timet; temporary restraining order and injunctive relief "for collateral security and to indemnify, exonerate, reimburse, and hold RLI harmless for all losses, costs, and expenses to be incurred as a consequence of the Bond issued on behalf of Defendants", and restrain the defendants from transferring assets to render themselves insolvent; exoneration; and the plaintiff seeks damages, attorneys' fees, consultant fees, costs, prejudgment interest, and expenses. Dkt. 1 at 8-14.

In their Answer, the defendants assert, in relevant part, that plaintiff has failed to join a necessary party or parties, and that plaintiff's damages were caused in whole or in part by a non-party. Dkt. 12 at 6. In their third-party complaint, the defendants assert that PCL's claims against Absher Construction may be subject to mandatory binding arbitration. Dkt. 12 at 7. PCL asserts that Absher Construction has paid less than

ORDER GRANTING MOTION TO DISMISS THIRD-
PARTY COMPLAINT - 3

$1,000,000.00 to PCL including "advanced payroll funding" in the amount of $431,993.48. *Id.* PCL also contends the change orders issued by Absher were not authorized, executed, or consented to by PCL. Dkt. 12 at 8. PCL asserts that Absher has wrongfully and improperly filed false or misleading claims against the bonds. Dkt. 12 at 9.

Defendants PCL and the Carters' cause of action against Absher Construction as a third-party complaint is breach of contract, regarding the subcontract between PCL and Absher Construction. Dkt. 12 at 9-10. As plaintiff in the third-party complaint, PCL and the Carters seek judgment against Absher Construction in an amount to be proven at arbitration or trial; and an award of reasonable attorney fees and costs. Dkt. 12 at 10.

## Analysis

Although there is a connection between the facts that support PCL's and the Carters' cause of action in the third-party complaint, and the facts concerning RLI's causes of action in the original complaint, the Court finds that even if the set of facts for each complaint has some overlap, the prejudice to RLI of combining these complaints in one case for trial would be severe. The third-party breach of contract cause of action pertains to many aspects of the construction subcontract, and the construction subcontract is a much broader contract than the General Indemnity Agreement. The issues raised by plaintiff in the original complaint include declaratory and injunctive relief -- more than simply a claim for damages that a third party (Absher Construction) would allegedly be required to pay in whole or in part.

ORDER GRANTING MOTION TO DISMISS THIRD-
PARTY COMPLAINT - 4

Whether a third-party should be impleaded under Federal Rule of Civil Procedure 14(a)(1) is a decision within the sound discretion of the trial court. *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 452 (9th Cir.1983). A defendant may bring a third-party complaint against "a non-party who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a)(1). Such a claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and secondary or derivative thereto. *United States v. One 1977 Mercedes Benz*, at 452.

The Court may decline to exercise its discretion to implead a third-party where the impleader would prejudice the other parties or unduly complicate the litigation. *Sw. Adm'rs, Inc. v. Rozay's Transfer,* 791 F.2d 769, 777 (9th Cir.1986) ("It is not an abuse of discretion to deny an application for impleader where it will disadvantage the existing action."); 6 C. Wright & A. Miller, *Fed. Practice & Procedure* § 1443 (3d ed., 2021 update).

Courts should liberally construe FRCP 14(a) to allow for impleader. *Stewart v. Am. Int'l. Oil & Gas Co.,* 845 F.2d 196, 199 (9th Cir. 1988). The purpose of FRCP 14(a) is judicial efficiency; through this rule, the Court may eliminate the necessity for a separate action between the defendant and a third individual who may be liable for all or part of plaintiff's claim. *Southwest Adm'rs, Inc. v. Rozay's Transfer,* 791 F.2d 769, 777 (9th Cir. 1986). Although third-party actions are often based on subrogation, contribution or indemnification, other types of claims may be raised in a third-party complaint. *Doucette v. Vibe Records, Inc.,* 233 F.R.D. 117, 120 (E.D.N.Y. 2005). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart,* at

ORDER GRANTING MOTION TO DISMISS THIRD-PARTY COMPLAINT - 5

200. If an asserted claim is simply related to the original or arises out of the same transaction or occurrence as the original, this is not sufficient. *Id.*

In this case, PCL contends that all the causes of action are related and connected by virtue of Absher Construction's having made claims against the bonds. PCL contends RLI paid funds to Absher Construction for claims against the bonds, yet Absher did not have legitimate grounds for bringing those claims, and therefore RLI's causes of action against PCL would be premature until RLI finishes its investigation. Dkt. 24 at 6-7. PCL states that after the investigation by RLI, the original parties would then be in a position to efficiently litigate the issues concerning the General Indemnity Agreement and also PCL would be able to litigate their cause of action against Absher Construction for breach of the construction subcontract. Dkt. 24 at 7-8; see Dkt. 25, Declaration of Charles Carter at 5-27.

RLI contends they are prejudiced by the third-party complaint, because adding PCL's claims against Absher Construction would cause this case to become more complicated, there would be delay, and the pretrial and trial process would become unnecessarily costly. Dkt. 22, Motion to Dismiss, at 2. RLI also objects that the Court would not have jurisdiction over the Third-Party Complaint, because RLI was not a party to the construction subcontract between PCL and Absher Construction. Dkt. 22 at 10-11.

RLI is not a party to the construction subcontract, and the prejudice to Plaintiff RLI in this case outweighs the potential benefits of allowing the third-party complaint to proceed. *See Jorgensen Forge Corporation v. Associated Indemnity Corporation,* No. C-14-1524-JCC, 2015 WL 12030118 (W.D. Wash. April 21, 2015) at *1-*2 (considering

ORDER GRANTING MOTION TO DISMISS THIRD-PARTY COMPLAINT - 6

the prejudice to the original plaintiff and denying a motion for third party complaint, after weighing complication of issues at trial, likelihood of delay, and greatly increased costs of litigation).

Interpretation of various terms of the subcontract, ongoing disputes about Absher's alleged failure to timely supply proper materials, Absher's alleged lack of organization, allegations about Absher issuing change orders outside the terms of the subcontract, responsibility for delays in construction schedules, and alleged failure to pay for work performed, are only some of the potential sources of increased litigation complexity and likelihood of delay. Moreover, PCL acknowledges that their cause of action for alleged breach of the construction subcontract may be subject to mandatory binding arbitration.

Therefore, the Court **GRANTS** RLI's motion to dismiss the third-party complaint. Because the Court is making this decision under FRCP 14, the Court will not rule on whether supplemental jurisdiction exists for the third-party complaint.

Dated this 7th day of February, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge